Edwin COLON–RIVERA,
Claimant–Appellant,

v.

Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 2012–7110.

United States Court of Appeals, Federal Circuit.

April 12, 2013.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

K. Elizabeth Witwer, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before MOORE, CLEVENGER, and REYNA, Circuit Judges.

PER CURIAM.

Edwin Colon–Rivera appeals from the final decision of the U.S. Court of Appeals for Veterans Claims (CAVC). The CAVC upheld the finding by the Board of Veterans Appeals (Board) that the Department of Veterans Administration (VA) satisfied its duty to assist Mr. Colon–Rivera in developing his claim. *See* 38 U.S.C. § 5103A. Mr. Colon–Rivera challenges that finding on appeal. We conclude that we lack jurisdiction over Mr. Colon–Rivera's appeal.

Our jurisdiction over CAVC appeals is strictly limited by statute. We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2).

A determination that the VA satisfied its duty to assist in a particular case is generally a finding of fact. *See DeLaRosa v. Peake,* 515 F.3d 1319, 1322 (Fed.Cir.2008); *Garrison v. Nicholson,* 494 F.3d 1366, 1370

(Fed.Cir.2007). Here, the Board found that the VA satisfied its duty to assist and that "additional development efforts would serve no useful purpose." J.A. 148. The CAVC upheld this finding. J.A. 5. In light of this decision, we need not address the issue of waiver. We thus lack jurisdiction over Mr. Colon–Rivera's appeal.

**DISMISSED**